IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TABATHA S. WIKERT, a/k/a/
TABATHA JOYNER, a/k/a
TABATHA S. ONORATO, an
Individual

        Plaintiff,

v.

WELLS FARGO BANK, N.A., d/b/a
America's Servicing Company and
Americasse, a National Association.

        Defendant.
_____/

CASE NO.: 3:11-cv-786-J-37JRK

## **DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS COMPLAINT, WITH INCORPORATED MEMORANDUM OF LAW**

Pursuant to Federal Rule 12(b)(6) and Local Rule 3.01, Defendant Wells Fargo Bank, N.A., d/b/a America's Servicing Company ("Wells Fargo"), moves to dismiss this action for failing to state a claim upon which relief can be granted, stating as follows:

**I.    Introduction and Allegations of Complaint**

On or about August 8, 2011, Plaintiff Tabatha S. Wikert ("Plaintiff") commenced this action alleging federal and state law claims against Wells Fargo. In the Complaint, Plaintiff alleges that Wells Fargo violated the Fair Credit Reporting Act ("FCRA") by reporting false information to credit reporting agencies ("CRAs") concerning her mortgage after it was satisfied, failing to correct the false information it provided, and continuing to report false information. See Complaint ("Complt."), ¶ 10-27, 29. Plaintiff has also asserted a state law misrepresentation claim based on the same alleged facts. Id., ¶ 39-42.

Plaintiff alleges she contacted Wells Fargo about the alleged false reporting and that Wells Fargo responded by notifying her that it had submitted updated information to the four major CRAs concerning the deed in lieu of foreclosure. Id., ¶ 16-17. Wells Fargo also advised Plaintiff that it could take 30 days for this updated information to reflect on her credit report. Id., ¶ 17; Ex. D. Plaintiff alleges her CBCInnovis credit report was corrected by September 21, 2010 but, as of June 7, 2011, Transunion and Equifax had not updated her credit report. Id., ¶ 18-20, 26.

Based on these facts, Plaintiff maintains she has suffered financial losses solely due to Wells Fargo's continued reporting of the mortgage as late. Id., ¶21-27. Specifically, she claims was forced to pay a higher down payment and a higher interest rate on a home loan she sought after re-marrying, that she suffered out-of-pocket expenses, and that she still cannot obtain financing or credit. Id. On this basis, she is suing Wells Fargo for money damages, injunctive relief, and punitive damages under the FCRA and has demanded a jury trial on her claims. However, as set forth below, each of the counts of the Complaint fails to state a plausible claim for which relief may be granted and the Complaint should be dismissed in its entirety as a matter of law.

**II.     Counts I and II Should be Dismissed for Failure to State Any Plausible Claim under the FCRA.**

In Count I and II, pleaded in the alternative, Plaintiff maintains that Wells Fargo either willfully or negligently violated the FCRA by "knowingly and continually reporting a false credit entry on a consumer report, acknowledging such false credit entry on a consumer report, and failing to correct such false credit entry on a consumer report within thirty (30) days." Complt., ¶ 29, 35. Plaintiff has not asserted cognizable causes of action under the statute.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." Sinaltrainal v. The Coca-Cola Company, 578 F.3d 1252, 1260 (11th Cir. 2009).

### A. Plaintiff Has Failed to Plead Violation of *Any* Specific FCRA Requirement.

At the outset, Counts I and II purport to assert claims under Sections 1681n or 1681o but these are the civil liability provisions of the statute. See 15 U.S.C. § 1681n, § 1681o (2011). Both provisions impose liability where a person under the statute has failed, either willfully or negligently, to comply with a requirement imposed under Section 1681. Id. However, Plaintiff has failed to identify any specific requirement of the FCRA with which Wells Fargo has failed to comply, or any provision of the statute Wells Fargo allegedly violated. See Complt., ¶ 28-38. In this respect, Plaintiff has failed to give Wells Fargo fair notice of her claim and has not sufficiently alleged any violation of the FCRA or any basis for liability under either Sections 1681n or 1681o.

In all events, based on the facts alleged in the Complaint, Plaintiff has failed to allege *any* plausible claim for violation of Section 1681 by Wells Fargo. See Complt., ¶15, 29. The express purpose of Section 1681 is "to require that [CRAs] adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer…." See 15 U.S.C. 1681(b) (2011). To

that end, the subchapter sets forth various requirements with which **CRAs** must comply. See 15 U.S.C. § 1681 *et seq.* The **only** provision of the subchapter which sets forth requirements for those, such as Wells Fargo here, that furnish information to CRAs is **Section 1681s-2**. Id. As the Eleventh Circuit explained:

> "The FCRA imposes two separate duties on furnishers. First, § 1681s-2(a) requires furnishers to submit accurate information to CRAs. Second, § 1681s-2(b) requires furnishers to investigate and respond promptly to notices of customer disputes.

Green v. RBS Nat. Bank, 288 Fed.Appx. 641, 642 (11th Cir. 2008), cert. denied, 129 S.Ct. 929 (2009). The duty to submit accurate information to CRAs includes the duty to correct and update information. See 15 U.S.C. § 1681s-2(a) (2); Knudson v. Wachovia Bank, 513 F.Supp.2d 1255, 1260-61 (M.D. Ala. 2007).

As discussed below, the Complaint alleges no facts which would allow this Court to draw any inference that Wells Fargo is liable for violating *either* Section 1681s-2(a) (for which there is no private right of action) or 1681s-2(b).

### B.    As a Matter of Law, Plaintiff Cannot State a Section 1681s-2(a) Claim.

Section 1681s-2(a) requires furnishers to submit accurate information to CRAs and to update and correct that information. Green, 288 Fed.Appx. at 642; Peart v. Shippie, 345 Fed.Appx. 384, 386 (11th Cir. Aug. 11, 2009); 15 U.S.C. § 1681s-2(a). The Section also outlines a furnisher's duties upon receiving notice of dispute from a consumer which includes investigating the dispute and reporting back to the consumer within thirty (30) days. 15 U.S.C. § 1681s-2(a) (8)(D).

However, as expressly held by the Eleventh Circuit, the FCRA explicitly bars private suits for violation of Section 1681s-2(a). See Green, 288 Fed.Appx. at 642; Peart, 345 Fed.Appx. at 386; 15 U.S.C. § 1681s(c)(1)(B) (allowing states to bring an action for violations).

Accordingly, as a matter of law, Plaintiff **cannot** state any claim against Wells Fargo for furnishing inaccurate information concerning her mortgage to CRAs or for and failing to correct and update that information within 30 days under Section 1681s-2(a).  See Complt., ¶ 29. Accordingly, Counts I and II must be dismissed as a matter of law.

### C. Plaintiff Has Not Alleged A Claim Under Section 1681s-2(b).

To the extent Plaintiff has attempted to allege a violation of Section 1681s-2(b) by Wells Fargo, the claim also fails as a matter of law.  Section 1681s-2(b) requires furnishers to investigate and respond promptly to notices of customer disputes. Green, 288 Fed.Appx. at 642; Peart, 345 Fed.Appx. at 386; 15 U.S.C. § 1681s-2(b).  However, as the Eleventh Circuit explained, "This provision of the FCRA can be enforced through a private right of action, but only if the furnisher received notice of the consumer's dispute from a consumer reporting agency."  Peart, 345 Fed.Appx. at 346; see also 15 U.S.C. § 1681s-2(b)(1).

In Rambarran v. Bank of Americam, N.A., 609 F. Supp. 2d 1253, 1257 (S.D. Fla. 2009), the court considered a furnisher's duties under Section 1681s-2(b).  Under the express provisions of 1681s-2(b), to trigger a duty to act, a furnisher **must receive notice from a credit reporting agency** that a consumer has disputed an item of credit provided to the [CRA].  Id. (emp. added); see also 15 U.S.C. § 1681s-2(b)(1); 15 U.S.C. § 1681i(a)(2).  **After receiving such notice**, the furnisher has a duty to "conduct an investigation with respect to the disputed information," "review all relevant information provided" to it by the CRA, and report the results of its investigation to any CRA that notified if of the dispute. Rambarran, 609 F. Supp. 2d at 1257; 15 U.S.C. § 1681s-2(b)(1).  Notice by the consumer directly to the furnisher is not sufficient to trigger any furnisher duties under the Section.  See Groves v. U.S. Bank, 2011 WL 2192821 (M.D. Fla. June 6, 2011) (holding that direct notice to furnisher does not trigger 1681s-2(b));

Jackson v. Genesys Credit Management, 2007 WL 4181024 (S.D. Fla. November 21, 2007) (duty to investigate under 1681s-2(b) is only triggered by a notice from the CRA, not from a consumer); Rambarran, 609 F. Supp. 2d at 1259 ("Whether the Bank received notice from any other source, such as Plaintiff, for example, is irrelevant for the purposes of satisfying the FCRA's notice requirement.").

Nowhere in the Complaint does Plaintiff allege that Wells Fargo was notified by any CRA that she disputed information reported by Wells Fargo. Federal case law is well settled that in the absence of any such notice, Plaintiff cannot establish any violation of Section 1681s-2(b). See Peart, 345 Fed.Appx. at 386 (affirming district court dismissal of FCRA where complaint did not allege that Wells Fargo failed to conduct an investigation into Peart's credit history after being notified of a dispute by a credit reporting agency); Jackson, 2007 WL 4181024 at *2 (dismissing FCRA claim as not sufficiently alleged in that notice by consumer triggered no duty).[1]

Having failed to allege the requisite notice to trigger *any* duties imposed upon Wells Fargo as a furnisher under 1681s-2(b), Plaintiff has failed to allege a plausible claim for any such violation and Counts I and II based thereon must be dismissed as a matter of law.

### III. The State Law Claim Alleged in Count III Should Be Dismissed as Preempted.

In Count III Plaintiff attempts to assert a cause of action for misrepresentation based on the same facts underlying the FCRA claims alleged in Count I and II. See Complt., ¶ 39-43.

---

[1] See also Kane v. Guar. Residential Lending, Inc., 2005 WL 1153623 (E.D.N.Y. May 9, 2005) ("[U]nless and until a furnisher of information receives notice from a credit reporting agency, no private right of action exists under section 1681s-2(b)."); Roybal v. Equifax, 405 F.Supp.2d 1177, 1180 (E.D. Cal. 2005) (granting motion to dismiss FCRA claim because Plaintiffs failed to allege that the credit reporting agencies determined the claim was viable and contacted Defendant).

Plaintiff alleges that Wells Fargo misrepresented to her that it had corrected its false reporting concerning her mortgage. Id., ¶ 40. However, the FCRA expressly preempts state law claims which implicate a furnisher's duties under Section 1681s-2. 15 U.S.C. §1681t(b)(1)(F); Sigler v. RBC Bank (USA), et al., 712 F.Supp.2d 1265 (M.D.Ala. 2010).

Accordingly, courts have consistently concluded that Section 1681t preempts state law claims against furnishers of credit information such as Wells Fargo. See, e.g., Ross v. FDIC, 625 F.3d 808 (4th Cir. 2010) (holding that 1681t preempts state law claims against furnishers); Knudson v. Wachovia Bank, N.A., 513 F.Supp. 2d 1255 (M.D. Ala. 2007) (ruling defamation, invasion of privacy, Consumer Protection Act, and negligence claims preempted by § 1681t(b)(1)(F)); Almond v. Bank of America, N.A., 2008 WL 205320 (M.D. Fla. Jan. 23, 2008) (adopting Knudson analysis, holding defamation claim preempted); Osborne v. Vericrest Financial, Inc., 2011 WL 1878227, *2 (M.D. Fla. May 17, 2011) (holding, FCCPA claim was preempted by the FCRA to the extent it alleged disclosure of false information to CRAs); Carruthers v. American Honda Finance Corp., 717 F.Supp.2d 1251, (N.D. Fla. 2010) (holding, state law claims against creditor including FCCPA claim were preempted by the FCRA); Wedgeworth v. Result Matrix, Inc., 2010 WL 2794594 (M.D. Ala. July 15, 2010) (holding that common law claims against furnisher of information were preempted by FCRA).

This Court, too, should rule that Plaintiff's state law claim for misrepresentation implicates Wells Fargo's duties as a furnisher and is therefore preempted by the FCRA as those duties are regulated by Section 1681s-2.

### A. Count III Fails To Plead the State Law Claim With Particularity.

Assuming *arguendo* the state law claim is not preempted by the FCRA, Count III is still subject to dismissal for failure to plead the claim with particularity.

Under Florida law, misrepresentation is tantamount to actionable fraud and the requirement that fraud be pleaded with particularity applies to misrepresentation claims. See Ostreyko v. B. C. Morton Organization, Inc., 310 So.2d 316, 318 (Fla. 3d DCA 1975); Morgan v. W.R. Grace & Co.--Conn., 779 So.2d 503, 506 (Fla. 2d DCA 2000). The particularity requirement applies under Federal Rule of Civil Procedure 9(b) as well. See Fed. R. Civ. P. 9(b) ("in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."); Brooks v. Blue Cross and Blue Shield of Florida, 116 F.3d 1364, 1370-71 (11th Cir. 1997).

Rule 9(b) "may be satisfied if the complaint sets forth: (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." Brooks, 116 F.3d at 1371 (internal citations omitted). See also Blue Supply Corp. v. Novos Electro Mechanical, Inc., 990 So.2d 1157, 1159-60 (Fla. 3d DCA 2008) (in Florida, plaintiff must specifically identify misrepresentations or omissions of fact, as well as the "time, place or manner in which they were made."); Bankers Mut. Capital Corp. v. United States Fid & Guar. Co., 784 So. 2d 485, 487 (Fla. 4th DCA 2001) (to withstand a motion to dismiss, fraud claim must plead "who made the false statement, the substance of the false statement, the time frame in which it was made and the context in which the statement was made.") .

A fraud claim requires a factual showing that: (1) the defendant made a false statement regarding a material fact; (2) the defendant knew or should have known the representation was false; (3) the defendant intended that the representation induce plaintiff to act on it; and (4) the

plaintiff suffered damages in justifiable reliance on the representation. Johnson v. Davis, 480 So.2d 625, 627 (Fla. 1985).

The Complaint falls woefully short of satisfying Rule 9. The Complaint is devoid of any facts concerning *any statement* made by Wells Fargo to Plaintiff, let alone the content of any such statement or the time, place, and manner of any such statement. See Complt., ¶ 39-43. Further, Plaintiff has alleged no facts establishing that Wells Fargo obtained or gained anything as a consequence of any false statement made by Wells Fargo to her. Id. Notably, the Complaint does not allege facts supporting the elements of a cause of action for fraud. Having failed to allege with particularity **any** false statement, Plaintiff cannot allege the remaining elements as they build upon the first element. Further, Plaintiff has not alleged that Wells Fargo made a false statement *intending* that the representation would induce Plaintiff to act. Id.

Finally, to the extent Plaintiff claims she has been damaged, the Complaint fails to establish that those losses resulted from her reliance on any statement by Wells Fargo. To the contrary, by her own admission, Plaintiff missed the deadline to qualify for first-time homebuyer credit and ultimately paid a higher down payment for a loan at a higher interest rate. Id., ¶ 20-21. To the extent she alleges she suffered financial losses from April 2010 through September 2010, any such losses that occurred prior to July 7, 2010 could not have resulted from any act Plaintiff took in reliance *after* the letter annexed to the Complaint as Exhibit D. Id., ¶ 23-24. Finally, Exhibit G to the Complaint establishes that any credit reporting by Wells Fargo **was not the sole reason why Plaintiff was denied credit** as she claims. Id., ¶ 25-27; Ex. G (noting, ratio of revolving account balances to revolving credit lines, too many inquiries, ratio of present or past delinquent accounts to total accounts, etc. as reasons credit was denied).

"[W]hile notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" <u>Yellow Pages Photos, Inc. v. User–Friendly Phone Book, LLC</u>, 2011 WL 2081811 at *1 (quoting <u>Roe v. Aware Woman Ctr. for Choice, Inc.</u>, 253 F.3d 678, 683 (11th Cir. 2001)). The claim alleged in Count III falls short of pleading misrepresentation with particularity. Therefore, if the claim is not preempted by the FCRA, it is still subject to dismissal.

For all of the foregoing reasons, the Complaint should be dismissed in its entirety.

WHEREFORE, Defendant Wells Fargo Bank, N.A., d/b/a America's Servicing Company respectfully requests that this Court enter an Order dismissing the Complaint in this action in its entirety.

DATED: September 12, 2011.

Respectfully Submitted,

CARLTON FIELDS, P.A.
CNL Center at City Commons
450 S. Orange Avenue, Suite 500
Orlando, FL 32801-3336
Telephone: (407) 849-0300
Facsimile:  (407) 648-9099

By: /s/ April Y. Walker
    Michael K. Winston, Esquire
    Florida Bar No. 051403
    mwinston@carltonfields.com
    April Y. Walker
    Florida Bar No. 0125288
    awalker@carltonfields.com
    *Counsel for Wells Fargo Bank, N.A.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of September, 2011, I electronically filed the foregoing document using the Court's CM/ECF system that provided a copy to: David P. Grigaltchik, Esq., 6144 Gazebo Park Place South, Suite 215, Jacksonville, Florida 32257.

/s/ April Y. Walker
ATTORNEY