**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

TABATHA S. WIKERT, a/k/a
TABATHA S. JOYNER, a/k/a
TABATHA S. OMORATO, an
individual,

        Plaintiff,

vs.                              Case No. 3:11-cv-00786-J-37JRK

WELLS FARGO BANK, N.A., d/b/a
America's Servicing Company and
Americasse, a National Association,

        Defendant.

**ORDER**

This matter is before the Court on the following:

1. Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Amended Complaint, with Incorporated Memorandum of Law ("Motion to Dismiss") (Doc. No. 17), filed on November 28, 2011; and

2. Plaintiff's Memorandum of Law in Opposition to Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Amended Complaint ("Response") (Doc. No. 21), filed on December 23, 2011.

**BACKGROUND**

This is an action arising under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Ms. Tabatha S. Wikert ("Plaintiff") states two claims against Wells Fargo Bank, N.A. ("Defendant"). In Count I, Plaintiff contends that Defendant is liable for willful noncompliance with the FCRA. (Doc. No. 14, ¶¶ 34-45.) In Count II, Plaintiff contends in the alternative that Defendant is liable for negligent noncompliance of the FCRA. (*Id.* at ¶¶

46-55.) Plaintiff's Amended Complaint ("Complaint") states Defendant failed to comply with the requirements of 15 U.S.C. § 1681s-2(b). (*Id.* at ¶¶ 39, 51.) Plaintiff maintains that Defendant failed to remove false information from her credit report, causing her to become ineligible for a USDA backed mortgage. (*Id.* at ¶ 26.) Because of Defendant's noncompliance, Plaintiff incurred monetary and other losses. (*Id.* at ¶¶ 27-32.)

Plaintiff alleges that she notified CBC Innovis ("CBC"), a credit reporting agency ("CRA"), of the error in her credit report on or about April 7, 2010. (*Id.* at ¶17.) Following that notification, on April 9, 2010, CBC notified Defendant, the "furnisher" of the allegedly incorrect information, of the error by way of a three-way conference call. (*Id.* at ¶ 18.) Plaintiff was assured her credit report would be corrected, and sometime around July 7, 2010, she received a letter from Defendant confirming the same. (*Id.* at ¶ 19; *id.* at Ex. D.) Following this letter, however, Plaintiff's credit report continued to contain the error. (*See id.* at ¶¶ 19-20.) Over a two week period beginning on or about September 2, 2010, Transunion, another CRA, sent numerous written requests to Defendant.[1] (*Id.* at ¶ 24.) On September 21, 2010, Plaintiff received a credit report, which indicated that the error was corrected. (*Id.* at ¶ 25; *id.* at Ex. F.) However, on or about June 7, 2011, Plaintiff received a subsequent credit report, which again contained the erroneous information. (*Id.* at ¶¶ 31-32; *id.* at Ex. H.)

**APPLICABLE STANDARD**

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed

---

[1] Transunion informed Plaintiff that the only way the erroneous credit entry could be corrected with through a "transmittal response" from Defendant. (Doc. No. 4, ¶ 23.)

2

factual allegations" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly*, 550 U.S. at 570). In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *LaGrasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

## DISCUSSION

In its Motion to Dismiss, Defendant asserts two grounds for dismissal. (Doc. No. 17.) First, Defendant asserts that Plaintiff has mislabeled her claim. (*Id.* at pp. 1-8.) It maintains that Plaintiff has alleged a claim under section 1681s-2(a), which does not have a private right of action component, instead of a section 1681s-2(b) claim, which does have a private right of action component. (*Id.* at pp. 3-4.) Second, Defendant asserts that Plaintiff failed to comply with the notice requirements of section 1681s-2(b) and as a result, its duty to investigate the accuracy of the information it furnished to the CRAs was not triggered. (*Id.* at pp. 4-7.)

### A. Section 1681s-2(b) Claim

Section 1681s-2(a) requires furnishers of information to submit accurate information to CRAs. 15 U.S.C. § 1681s-2(a)(1)(A). Section 1681s-2(a)(1)(B) provides that furnishers "shall not" report any information pertaining to a consumer if it has been notified by the consumer that the information being reported is inaccurate and the information "is, in fact, inaccurate." However, section 1681s-2(a) does not confer a private right of action for the consumer against the furnisher. *Peart v. Shippie*, 345 F. App'x 384, 386 (11th Cir. 2009); *Green v. RBS Nat'l Bank*, 288 F. App'x 641, 642 (11th Cir. 2008).

Section 1681s-2(b) outlines the "duties of furnishers of information upon notice of a dispute." These duties are triggered "when the furnisher has received notice pursuant to 15 U.S.C. § 1681i(a)(2) from a [CRA], after the consumer has notified the CRA of a dispute." *Groves v. U.S. Bank*, No. 8:10-cv-2665, 2011 WL 2192821, at *5 (M.D. Fla. June 6, 2011). After receiving notice of a dispute "with regard to the completeness or accuracy of any information" the furnisher provided to a CRA, section 1681s-2(b) requires the furnisher to "conduct an investigation with respect to the disputed information," among other things, within thirty days. § 1681s-2(b)(1)(A)-(E); § 1681s-2(b)(2); *see Peart*, 345 F. App'x at 386. Unlike section 1681s-2(a), section 1681s-2(b) "can be enforced through a private right of action." *Peart*, 345 F. App'x at 386; *Green*, 288 F. App'x at 642.

In its Motion to Dismiss (Doc. No. 17), Defendant argues that the facts alleged in the Complaint state a section 1681s-2(a) claim, rather than a section 1681s-2(b) claim.[2] This argument is without merit. Plaintiff has sufficiently alleged that after she (the "consumer")

---

[2] Defendant argues that Plaintiff has essentially "mislabeled" Count I of the Complaint because the corresponding facts serve only as a basis for a section 1681s-2(a) claim.

4

notified CBC (the "CRA") of the error in her credit report, CBC notified Defendant (the "furnisher") of the disputed information within five days after it received Plaintiff's notice. (Doc. No. 14, ¶18); *See* 15 U.S.C. § 1681i(a)(2)(A) ("Before the expiration of the 5-business-day period beginning on the date on which a [CRA] receives notice of a dispute from any consumer . . . the agency shall provide notification of the dispute to [the furnisher] of information in dispute . . . ."). Upon CBC notifying Defendant of the dispute sometime in April 2010, Defendant's duty to investigate was triggered. (*See* Doc. No. 14, ¶ 18.) However, over six months later, on June 7, 2011, Plaintiff obtained a new credit report, which contained the erroneous information.[3] Thus, assuming that the disputed information was in fact erroneous, as this Court must for the purposes of deciding this Motion to Dismiss, the Complaint properly alleges that Defendant failed to take appropriate action to investigate and correct the false information within thirty days. (*Id.* at ¶ 39.) These allegations sufficiently state a section 1681s-2(b) claim.

**B.    Duty to Investigate**

   **1.    Notice Requirement**

Next, Defendant argues that a furnisher's duty to investigate is not triggered unless it receives notice from a CRA **in writing**. (Doc. No. 17, pp. 4-5 (emphasis added).) Section 1681s-2(b) directs that notice must be provided pursuant to section 1681i(a)(2). Section 1681i(a)(2) states, "the [CRA] shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner

---

[3] The Court recognizes that Plaintiff received a credit report on September 21, 2010, which reflected that the error "was corrected." (Doc. No. 14, ¶ 25.) However, it is clear that this later credit report reflects the erroneous "120+ Days Past Due" information. (Doc. No. 14, Ex. H.)

5

established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer . . . ." 15 U.S.C. § 1681i(a)(2)(A). While a "written" notice might be inferred, the statute does not expressly require written notice. Further, the instruction that notice shall be provided "in the manner established with the person" suggests various forms of notice may be deemed acceptable. An analysis of case law supports this conclusion.[4] *See Stevenson v. TRW Inc.*, 987 F.2d 288, 293 (5th Cir. 1993) (stating that in order to provide a furnisher with more specific information that cannot be placed on a customer dispute verification form, a CRA can call the furnisher); *Rambarran v. Bank of Am.*, 609 F. Supp. 2d 1253, 1257 (S.D. Fla. 2009) (stating that in order to trigger the duty to investigate, the furnisher must "receive notice"); *Allmond v. Bank of Am.*, 2008 WL 205320, at *7 (M.D. Fla. Jan. 23, 2008) (finding that a CRA must notify the furnisher within five days of receiving a consumer's dispute); *Fahey v. Experian Info. Solutions, Inc.*, 571 F. Supp. 2d 1082, 1093 (E.D. Mo. 2008) (holding that when a telephone number is provided and not utilized by a CRA to contact the furnisher, "a jury considering this evidence could conclude that" the CRA was negligent).

---

[4] The Court acknowledges *Samadi v. Bank of America, N.A.*, No. cv 109-02, 2010 WL 3894448, at *9 (S.D. Ga. Sept. 30, 2010), in which the court stated that "the furnisher, after receiving proper written notice of a dispute regarding the completeness or accuracy of any information provided by a person to a [CRA], did one of the following: failed to conduct an investigation . . . ." However, that court did not consider the issue of notice under the statute, but rather whether the defendant failed to conduct a proper investigation following notice. *Id.* Therefore, the court offered no analysis regarding whether notice is required to be in writing. In addition, although Defendant cites a district court case from the Seventh Circuit that seemingly interpreted the statute to require "written notice," *Murry v. JPMorgan Chase*, 2010 WL 3283012, at *5 (C.D. Ill. 2010), the majority of cases do not specify that the notice must be "written."

This Court need not definitively determine whether this section of the FCRA requires written notice from the CRA to the furnisher, however, because it is clear from the Complaint that Defendant agreed to undertake an investigation, and arguably may have "waived" any written notice requirement, when it "promised to remedy" Plaintiff's credit report error during the April 9, 2010 phone call. (Doc. No. 14, ¶ 18.) Moreover, in Plaintiff's Response, she contends that after she filed the Complaint, she discovered that Defendant actually received written notice of the error from CBC following the three-way conference calls. (Doc. No. 21, pp. 3-4.) In light of this information, the Court finds that resolution of the notice issue is best left for a later stage of the litigation. At this time, the Court finds Plaintiffs' allegations sufficient to show Defendant received notice triggering its duty to investigate under section 1681s-2(b).

### 2. "CRA" Requirement

Defendant also asserts that for the purposes of notification under section 1681s-2(b), CBC does not qualify as a CRA. (Doc. No. 17, pp. 5-6 (citing 15 U.S.C. § 1681a(f) ("The term 'consumer reporting agency' means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.")).) In support of this contention Defendant cites one case, *Torrance v. Cincinnati Mortg. Co.*, 2009 WL 961533, at *5 (S.D. Ohio March 25, 2009), in which the court found that CBC was not a CRA. Through its own research, however, this Court has discovered other cases in which courts have classified CBC as a CRA. *See e.g., Stich v. BAC Home*

7

*Loans Serv., LP*, 2011 WL 1135456 at *2 (D. Colo. March 29, 2011); *Nat'l Credit Reporting Ass'n v. Equifax, Inc.*, 2008 WL 4457781 at *1 (D. Md. Sept. 30, 2008); *Holland v. GMAC Mortg. Corp.*, 2006 WL 1133224 at *1 (D. Kan. April 26, 2006).  Furthermore, Plaintiff attaches to the Complaint "Credit Reports" from CBC, which, at the very least, support a "reasonable inference" that CBC is a CRA.  (*See e.g.,* Doc. No. 14, Ex. E.)*; Ashcroft*, 556 U.S. at 1949.  Therefore, the Court finds Defendant's Motion to Dismiss is due to be denied on this ground as well.  Should Defendant have evidence that CBC is not a CRA, it may present it at a later stage of this litigation.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Amended Complaint, with Incorporated Memorandum of Law (Doc. No. 17) is **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on January 31, 2012.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record